UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| FELIPE VALENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-839 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g). On February 5, 2004, plaintiff filed the application for disability insurance benefits (DIB) benefits giving rise to this appeal. (A.R. 87-89). Plaintiff initially claimed a December 3, 1999 onset of disability. (A.R. 87). Plaintiff's claim was denied on initial review. (A.R. 50-55). Attorney Richard Kessler represented plaintiff during the administrative proceedings. (A.R. 63). On September 15, 2005, Attorney Kessler filed a written request that the administrative law judge (ALJ) render an on-the-record (OTR) decision. (A.R. 169-71). Kessler wrote, "At this time we are requesting, based on the vocational medical guidelines, that Mr. Valencia be considered disabled since his fiftieth birthday," April 29, 2004. (A.R. 170). The ALJ agreed that a hearing was unnecessary because, as of plaintiff's amended alleged onset of disability date of April 29, 2004, the evidence supported a fully favorable decision awarding plaintiff DIB benefits. (A.R. 23). On September 26, 2006, the ALJ issued a decision finding that plaintiff was disabled on and after April 29, 2004, and that plaintiff was entitled to DIB benefits on and after April 29, 2004. (A.R. 23-29).

Plaintiff filed a *pro se* request for review by the Appeals Council. (A.R. 14). On August 10, 2007, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision. On August 28, 2007, plaintiff filed his *pro se* complaint seeking judicial review of the Commissioner's decision. The parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 14).

Plaintiff's brief (docket # 13) is far from a model of clarity, but the court is able to discern two arguments: (1) that plaintiff did not authorize his attorney to amend his alleged onset of disability date to plaintiff's fiftieth birthday; and (2) that the ALJ erred when he declined to reopen the denial of an earlier application for social security benefits. Upon review, the court finds no basis for disturbing the Commissioner's decision. The Commissioner's decision will be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The

court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act through December 31, 2004, but not thereafter. Plaintiff had not engaged in substantial gainful activity "since April 29, 2004, the amended alleged onset date." (A.R. 25). The

ALJ found that plaintiff had severe impairments of degenerative arthritis of the left shoulder and degenerative arthritis of the spine. Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ found that plaintiff retained the RFC for a limited range of light work. (A.R. 27). Plaintiff was unable to perform his past relevant work. On and after April 29, 2004, plaintiff was classified as an individual closely approaching advanced age. 20 C.F.R. § 404.1563(d). The ALJ found that plaintiff was illiterate, but he was able to communicate in English. The transferability of job skills was not material. The ALJ found that considering plaintiff's age, education, work experience, and RFC, there were not a significant number of jobs in the national economy that plaintiff was capable of performing. The ALJ held that on and after April 29, 2004, plaintiff was disabled, and that he was entitled to DIB benefits. (A.R. 23-29).

**1.**

Plaintiff argues that Attorney Kessler acted without plaintiff's authorization when Kessler amended plaintiff's alleged onset of disability to April 29, 2004, plaintiff's fiftieth birthday. This argument is meritless. Plaintiff was familiar with the administrative review process applicable to claims for social security benefits. In the 1980's plaintiff had pursued an unsuccessful application for DIB benefits through a request for review by the Appeals Council. More recently, plaintiff had filed an unsuccessful application for supplemental security income (SSI) benefits, culminating in a September 20, 2002 post-hearing decision by an ALJ finding that plaintiff was not disabled. (A.R. 36-44). Attorney Kessler had represented plaintiff in plaintiff's worker's compensation litigation. (A.R. 69). The record contains plaintiff's written authorization to have Attorney Kessler represent

him in the administrative proceedings on his claim for DIB benefits.[1] (A.R. 63). Plaintiff is bound by his attorney's amendment of plaintiff's alleged onset of disability. *See Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 524 (6th Cir. 2006).

Furthermore, plaintiff was not prejudiced by his attorney's action. Although plaintiff had originally claimed a December 3, 1999 onset of disability, administrative *res judicata* stemming from the September 20, 2002 decision denying plaintiff's application for SSI benefits (A.R. 36-44) barred any claim by plaintiff that he was disabled on or before September 20, 2002. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). The medical evidence does not indicate a significant deterioration in plaintiff's health during the period from September 21, 2002 through April 28, 2004. (A.R. 189-93, 210-54, 267-72). The ALJ found that plaintiff was disabled on and after April 29, 2004, when at age fifty, the more liberal standards for "an individual closely approaching advanced age" applied to plaintiff's claim for DIB benefits. 20 C.F.R. § 404.1563(d).

**2.**

Plaintiff argues that the ALJ erred when he denied plaintiff's request to reopen the denial of plaintiff's earlier claim for social security benefits. It is patent that this court lacks jurisdiction to review the ALJ's decision denying plaintiff's request to reopen. *See Califano v. Sanders*, 430 U.S. 99 (1977); *see also Anderson v. Commissioner*, 195 F. App'x 366, 369 (6th Cir. 2006)("[O]rdinarily federal courts do not have jurisdiction to review an ALJ's decision not to reopen

---

[1] The administrative record also includes plaintiff's "Contingent Fee Agreement" with Attorney Kessler. (A.R. 66).

a prior application."); *Swartz v. Barnhart*, 188 F. App'x 361, 370 (6th Cir. 2006). Plaintiff has not asserted a colorable constitutional claim. In the absence of a colorable constitutional claim, the ALJ's decision not to reopen is not subject to judicial review. *See McCoy ex rel. McCoy v. Chater*, 81 F.3d 44, 45 (6th Cir. 1995); *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1993); *see also Glazer v. Commissioner*, 92 F. App'x 312, 314 (6th Cir. 2004).

## Conclusion

For the reasons set forth herein, the Commissioner's decision will be affirmed.

Dated:   June 6, 2008          /s/  Joseph G. Scoville
                               United States Magistrate Judge